UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

WILLIAM BAKER,

        Plaintiff,

              – against –

DETECTIVE JOHN DOE #1, et al.,

        Defendants.

----------------------------------------X

ORDER
11-CV-1807 (JFB) (ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 06 2012 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

    On April 13, 2011, *pro se* plaintiff filed the complaint in this action and paid the $350 filing fee. On April 20, 2011, the Clerk of the Court mailed plaintiff a letter informing plaintiff that, under Rule 4 of the Federal Rules of Civil Procedure, plaintiff was responsible for serving the summons and complaint within 120 days upon each of the defendants or, in the alternative, obtaining a waiver of service of summons. On April 23, 2012, the Court ordered plaintiff to provide, by May 11, 2012, an explanation for his failure to serve the summons and complaint. The Court warned that, pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the case would be dismissed without prejudice unless the plaintiff filed such a letter. The Court mailed the Order to plaintiff by first-class mail on April 23, 2012. The plaintiff did not submit a letter explaining his failure to serve the complaint and summons, nor has the plaintiff communicated with the Court since he filed the complaint more than one year ago. Thus, it appears that plaintiff has abandoned the action. For the reasons set forth below, therefore, the Court dismisses plaintiff's complaint pursuant to 41(b) of the Federal Rules of Civil Procedure for failure to prosecute, as well as under Rule 4(m) for failure to timely serve the summons and complaint.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."); *see also Original Ballet Russe, Ltd. v. Ballet Theatre, Inc.*, 133 F.2d 187, 188 (2d Cir. 1943) (citing *Blake v. De Vilbiss Co.*, 118 F.2d 346 (6th Cir. 1941)); *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440, 444 (6th Cir. 1942) ("The cited rule [41(b)] enunciates a wellsettled [sic] concept of practice that a court of equity, in the exercise of sound judicial discretion, has general authority . . . to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives . . . ." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000); *see, e.g., Lucas*, 84 F.3d at 535; *Jackson v. City of New York*, 22 F.3d 71, 74-76 (2d Cir. 1994). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart*, 992 F.2d at 461 ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, plaintiff failed to serve the complaint and summons on the defendant within 120 days of filing the complaint on April 13, 2011. Furthermore, the plaintiff has not communicated with the Court since he filed the complaint more than one year ago. He failed to submit a letter to the Court explaining why he did not serve the summons and complaint, even though he was warned by Order dated April 23, 2012 that the case would be dismissed absent such a letter to the Court. Thus, plaintiff has shown no interest in continuing with this action. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. The above-referenced factors therefore weigh in favor of dismissal. However, since the defendants have not yet been served with the complaint and summons, the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate.

Additionally, the Court dismisses this action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Here, the Court provided notice to the plaintiff that it would dismiss the action without prejudice absent a letter from the plaintiff explaining his failure to serve the defendants within 120 days after the complaint was filed. Plaintiff did not submit such a letter. Accordingly, dismissal pursuant to Rule 4(m) is warranted.

This case is dismissed without prejudice pursuant to Rules 41(b) and 4(m) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case.

SO ORDERED.

s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: July 6, 2012
Central Islip, New York